IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LIN EDWARD DAVIS, SR., | |
| Plaintiff. | |
| VS. | |
| Sheriff CARLTON POWELL, *et al.*, | NO. 7:12-CV-143 (HL) |
| Defendants. | |
| | **O R D E R** |

Plaintiff **LIN EDWARD DAVIS**, an inmate at the Thomas County Jail ("TCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He has also submitted a motion to proceed *in forma pauperis* (Doc. 2).

Plaintiff raises the following claims in his complaint: (1) that unnamed nurses at the TCJ gave Plaintiff a "lethal" dose of lithium on an undisclosed date, which required Plaintiff to remain in the hospital ICU for one month; (2) that Defendant Transform Health knowingly caused malpractice (presumably relating to the above incident); (3) that Defendant detective Toby Knightfer harassed and discriminated against Plaintiff by "pursuing bogus charges"; (4) that Defendant Judge Smith set an excessive bond for Plaintiff; and (5) that he has been denied access to legal materials at the TCJ.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. **Rivera v. Allin**, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g). **Medberry v. Butler**, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed numerous lawsuits in the United States District Courts, at least six of which were dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1] As Plaintiff has more than three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).

Plaintiff's only allegation that might theoretically constitute "imminent danger of serious physical injury" is his being given a "lethal" dose of lithium. There is no indication, however, that

---

[1] *See **Davis v. Seiter**, 3:95-cv-874-JPG (S.D. Ill. June 14, 1996) (complaint dismissed as frivolous); **Davis v. Dunlap**, 3:95-cv-272-JPG (S.D. Ill. Dec. 5, 1995) (same); **Davis v. Reno**, 1:95-cv-1648-UNA (D.D.C. Aug. 25, 1995) (same); **Davis v. USA**, 1:94-cv-693-RCF (N.D. Ga. May 23, 1994) (same); **Davis v. Reno**, 1:94-cv-694-RCF (N.D. Ga. May 23, 1994) (same); and **Davis v. Beach**, 5:91-cv-13-SBH-HWM (E.D. Tex. May 21, 1991) (same).

Plaintiff was under a *present* "imminent danger" at the time he filed this lawsuit.  That Plaintiff was no longer hospitalized suggests that any danger was past, which is insufficient to satisfy the exception of section 1915(g).

Even if Plaintiff had not incurred three strikes prior to filing this lawsuit, his complaint would be subject to dismissal.  Question six of this Court's complaint form completed by Plaintiff asked whether he had "ever filed any lawsuit while incarcerated or detained." Question seven of the form directed Plaintiff to provide specific information regarding each such lawsuit and stated, "[i]f you have filed more than one lawsuit, list other lawsuits on a separate sheet of paper, giving the same information for each." (Compl. at 2).  Question eight of the form asked whether any lawsuits Plaintiff filed in federal court had been dismissed as frivolous, malicious, or for failure to state a claim (Compl. at 3).   Although, as noted above, Plaintiff had many Federal lawsuits and had six cases dismissed for the above reasons, Plaintiff answered "No" or "N/A" to questions six, seven, and eight.  Because Plaintiff provided false information to this Court, his complaint is subject to dismissal for "abuse of the judicial process."  **Redmon v. Lake County Sheriff's Office**, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his *pro se* section 1983 action); ***see also, e.g., Hood v. Tompkins***, 197 F. App'x 818, 819 (11th Cir. 2006) (holding that dismissal as sanction for providing false information on complaint form concerning prior filing history was not an abuse of discretion); **Shelton v. Rohrs**, 406 F. App'x 340, 341 (11th Cir. 2010) (same); **Young v. Secretary**

3

*Fla. for Dept. of Corr.*, 380 F. App'x 939 (11th Cir. 2010) (same); *Copeland v. Morales*, 2011 WL 7097642, * 4 (S.D. Ga. Dec. 19, 2011) (dismissing action for providing false information about prior filing history).

Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $350.00 filing fee. As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit. Plaintiff's other pending motions are **DENIED** as moot.

**SO ORDERED**, this 7th day of December, 2012.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr